UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON LEE SUTTON,

                Plaintiff,

v.

DARREN HEAWARD ET. AL.,

                Defendants.

Case No. C17-5546-RJB-TLF

ORDER ON MOTION TO
SUPPLEMENT THE RECORD

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Theresa L. Fricke. Defendants have moved for summary judgment. Dkt. 32.

Several months after the discovery deadline, Dkt. 25, plaintiff moved to supplement the record to add an exhibit to his Response and Opposition Brief. Dkt. 59. Defendants responded. Dkt. 63. Plaintiff seeks to introduce a Senate Bill Report, 2ESSB 5294, that contains a "Staff Summary of Public Testimony." The document states that witnesses had testified about the problem of retaliation by DOC managers against DOC employees who acted as whistleblowers regarding misreporting of data. Dkt. 59-1, p. 7.

"The evidence on which a party opposing summary judgment relies must be admissible at trial, but the evidence need not be in admissible form. *See, e.g.*, *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1082-82 (E.D. Cal. 2010)." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence (FRE) 401; *Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971 (9th Cir. 2009). "Evidence of a person's

ORDER ON MOTION TO SUPPLEMENT THE RECORD - 1

character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FRE 404(a)(1).

The Court will deny Sutton's motion to add the Senate Bill Report to the record. Sutton has not shown that the Report is relevant to any of the issues in his Section 1983 suit, which pertains to the conduct of three individual defendants. The testimony recounted in the Report—even if it does not constitute inadmissible hearsay—has no tendency to make more or less probable Sutton's assertion that defendants Heaward, Kettel, and McKenney conspired to wrongfully infract him, nor any other fact of consequence to his due process and retaliation claims. Rather, as defendants also point out, Sutton's motion appears to rely on an impermissible inference that DOC employees have a propensity to retaliate and that the three defendants acted in accordance with that propensity with respect to Sutton. *See* FRE 404(b).

Because the proffered evidence would be irrelevant and inadmissible, Sutton's motion to supplement, Dkt. 59, is DENIED.

Dated this 30th day of July, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

- 2